UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-7904-GW-ASx | Date | October 30, 2025 |
|---|---|---|---|
| Title | *Andres Z. Revollar v. General Motors LLC, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Javier Gonzalez | None Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |
| None Present | None Present | | |

**PROCEEDINGS:** IN CHAMBERS - ORDER DENYING MOTION TO REMAND; VACATING HEARING

Andres Z. Revollar ("Plaintiff") filed a motion to remand in this action on September 19, 2025. Defendant General Motors LLC ("Defendant") removed the case to this Court on August 22, 2025, asserting that this Court has subject matter jurisdiction over this action pursuant to principles relevant to diversity jurisdiction. *See* Notice of Removal, Docket No. 1, at 3:1-6:16; *see also* 28 U.S.C. § 1332(a)(1).

The motion first argues that Defendant's removal of this action to Federal court was clearly untimely because the Complaint (which Defendant has not attached to his motion[1]), on its face, included a claim based on violation of a federal statute, the Magnuson-Moss Warranty Act ("MMWA").[2] As part of that argument, Plaintiff expressed that "it is impossible to believe that Defendant could not ascertain the amount in controversy exceeded $50,000.00 based on the face of the complaint alone,"[3] Docket No. 18, at 6:10-13, and provided a reason why he believes that, at a minimum, the Complaint's face revealed – at least with

---

[1] At the time Defendant removed the case, a First Amended Complaint had already been filed. *See* Notice of Removal, Docket No. 1, at 2:2-5. Defendant included a copy of the First Amended Complaint with its removal paperwork. *See* Docket No. 1-1.

[2] Where a complaint, on its face, reveals a basis for removal, a defendant has 30 days from proper service of the complaint to remove the case to Federal court. *See* 28 U.S.C. § 1446(b)(1); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005); *see also Murphy Bros., Inc, v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).

[3] The First Amended Complaint's fifth cause of action, for violation of the Magnuson-Moss Warranty Act ("MMWA"), has a $50,000 minimum for federal jurisdiction. *See Shoner v. Carrier Corp.*, 30 F.4th 1144, 1147 (9th Cir. 2022). As noted *supra*, Defendant did not rely upon the MMWA in attempting to demonstrate a basis for this Court's subject matter jurisdiction. Instead, it relied upon the provision for federal subject matter jurisdiction over matters between completely-diverse parties, implicating the $75,000.01 jurisdictional minimum of 28 U.S.C. § 1332(a).

| | : | |
|---|---|---|
| Initials of Preparer | JG | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-7904-GW-ASx | Date | October 30, 2025 |
|---|---|---|---|
| Title | *Andres Z. Revollar v. General Motors LLC, et al.* | | |

respect to a claim *other than the MMWA claim* that allows two-times-actual damages as a civil penalty – $70,000 to be at stake, *see id.* at 8:26-28. He followed up that timeliness argument by asserting, seemingly-contradictorily, that Defendant could *not* meet its preponderance-of-the-evidence burden of establishing that the amount-in-controversy was in excess of $50,000.

Plaintiff's Notice of Motion with respect to this motion asserted that his counsel had – as required by Local Rule 7-3, *see* C.D. Cal. L.R. 7-3 – conducted a meet-and-confer conference with opposing counsel "raising, among other things, the issue of the timeliness of Defendant's removal." Docket No. 18, at i:19-21; *see also* Declaration of Michelle Yang, Esq. in Support of Plaintiff's Motion to Remand, Docket No. 18-1, ¶ 9. He never backtracked from that characterization. As a result, the materials before the Court demonstrate that the only issue properly before the Court on this motion is the timeliness of Defendant's removal. As such, the Court will address only that issue in connection with the pending motion.[4]

By the time of his Reply brief, Plaintiff seemingly dropped the issue of the timeliness of Defendant's removal. *See* Docket No. 23, at 1:25-11:2. His Reply does not mention it at all, notwithstanding that it was the lead argument in his motion (and the only issue on which he properly met-and-conferred, as explained above).

This is probably due to the fact that Defendant is clearly correct on the timeliness issue. Plaintiff's First Amended Complaint did not, on its face, demonstrate a basis for removal in this case. *See* First Amended Complaint, Docket No. 1-1. Although based on a *federal statute*, a claim under the Magnuson-Moss Warranty Act (such as the First Amended Complaint's fifth cause of action) requires at least $50,000 be at stake for federal jurisdiction to exist. *See Shoner v. Carrier Corp.*, 30 F.4th 1144, 1147 (9th Cir. 2022) ("Although the MMWA is a federal statute, federal courts do not have jurisdiction over an MMWA claim if the amount in controversy is less than $50,000."); *Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1037 (9th Cir. 2004); *see also* Footnote 3, *supra*. That amount was *not* revealed on the face of the First Amended Complaint, which contains no dollar figure at all. Indeed, Plaintiff repeatedly concedes that his Complaint did *not* allege any specific dollar amount in controversy. *See* Docket No. 18, at 6:10-11, 8:3-4. As such, there could be no jurisdiction over this matter pursuant to any provision for a required dollar-minimum (based in the MMWA or otherwise). Further, to the extent diversity jurisdiction is at issue under 28 U.S.C. § 1332(a)(1) (the actual basis for Defendant's removal of the case to this Court), the First Amended Complaint alleged only Plaintiff's *residence*, not his citizenship, *see* First Amended Complaint ¶ 2, and it is the latter that provides a basis for diversity-based federal jurisdiction. *See Kanter v. Warner-Lambert Co.*,

---

[4] A failure to sufficiently demonstrate the necessary amount-in-controversy is not a "procedural defect" in a removal. As a result, the Court need not act upon that issue simply because Plaintiff has filed a motion that, in part, presents a procedural defect as a basis for remand.

:

Initials of Preparer    JG

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-7904-GW-ASx | Date | October 30, 2025 |
|---|---|---|---|
| Title | *Andres Z. Revollar v. General Motors LLC, et al.* | | |

265 F.3d 853, 857 (9th Cir. 2001).  As a result, the First Amended Complaint's face reveals neither that component nor the $75,000.01 jurisdictional minimum required for that avenue to federal jurisdiction.

      Whether or not Defendant *could have engaged in investigatory efforts* that would have revealed to it that the citizenship and/or amount-in-controversy elements were met and would allow removal is not the issue.  *See Kuxhausen v. BMW Fin'l Servs. NA LLC*, 707 F.3d 1136, 1141 (9th Cir. 2013); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005); *see also Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 790-91 (9th Cir. 2018).  Nor does it matter that Defendant clearly believes that it can satisfy its burden by demonstrating – through reliance on information *not* revealed on the face of the First Amended Complaint – that the necessary prerequisites are present here.  Satisfaction of an evidentiary burden and the onset of the removal period are two separate issues.  *See Kuxhausen*, 707 F.3d at 1141 n.3.  A defendant has no obligation to kick-start its removal window by making investigatory efforts outside the face of the complaint.

      As the foregoing demonstrates, Plaintiff's only properly-presented argument is undeniably wrong.  The motion is denied.  The November 6, 2025 hearing date is vacated.  *See* C.D. Cal. L.R. 7-15 ("The court may dispense with oral argument on any motion except where an oral hearing is required by statute, the F.R.Civ.P. or these Local Rules.").

      On October 15, 2025, this Court issued a Scheduling Order delineating the future dates in this litigation (Docket No. 21).  That schedule remains in force.

      IT IS SO ORDERED.

|  | : |
|---|---|
| Initials of Preparer | JG |